# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ROCIO AGUILERA,<br><br>                     Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>                     Defendant. | CASE NO. 08cv67 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Application for Fees Pursuant to the Equal Access to Justice Act (Doc. # 18).

## **Background**

On November 20, 2003, Plaintiff applied to the Commissioner of Social Security for Social Security Disability Benefits (Administrative Record ("AR") 15). The Commissioner denied Plaintiff's application for benefits, and again on reconsideration (AR 15). Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"). On April 11, 2005, the ALJ issued a written decision denying Plaintiff's application for benefits (AR 15-23). On December 13, 2005, the Appeals Council adopted the ALJ's findings (AR 6-8). On January 11, 2008, Plaintiff initiated a civil action challenging the ALJ's decision to deny benefits by filing the Complaint (Doc. # 1). On June 23, 2008, this Court issued an order granting a joint motion to remand pursuant to sentence four of 42 U.S.C. section 405(g) (Doc. # 12), and remanding the case to the Social Security Administration for further proceedings.

On February 21, 2009, Plaintiff filed the Application for Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. section 2412. Plaintiff contends that she is the prevailing party within the meaning of the EAJA, and that as the prevailing party, she is entitled to EAJA fees for all work reasonably performed. Plaintiff contends that she is entitled to EAJA fees for 36.38 hours of service at a rate of $170 per hour, totaling $6,174.60. Plaintiff submitted an affidavit and itemization of services in support of the Application for Fees. On March 16, 2008, Defendant filed the Opposition to the Application for Fees (Doc. # 21). Defendant does not contest that Plaintiff is the prevailing party and is entitled to EAJA fees. Defendant does not assert that Plaintiff's requested rate of $170.00 is unreasonable. However, Defendant contends that Plaintiff's requested fees for 36.38 hours of service is unreasonable, and that Plaintiff's request should be reduced by 10.72 hours. On March 24, 2009, Plaintiff filed the Reply (Doc. # 22). Plaintiff contends that her fee request for 36.38 hours of service is reasonable, and requests additional EAJA fees for 4.5 hours of service at a rate of $170 per hour, totaling $760.00, for time spent reviewing the Opposition and preparing the Reply.

## **Analysis**

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Fees awarded pursuant to the EAJA must be reasonable, and the party seeking such fees bears the burden of proving that the fees and hourly rate requested are reasonable. *Hensley v. Eckerhart,* 461 U.S. 424 (1983); *see also Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992) (it is plaintiff's burden to document "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked"). Where fees are not shown to be reasonable, the court may reduce the award accordingly. *Hensley,* 461 U.S. at 433-34. District courts have discretion in determining the amount of a fee award,

including the reasonableness of the hours claimed by the prevailing party. *Gates,* 987 F.2d at 1398.

      A.      <u>Fees for Work Performed During Pre-Complaint Administrative Proceedings</u>

Defendant contends that Plaintiff is not entitled to recover fees for time her attorney spent representing her during the administrative proceedings. Defendant asserts that "Plaintiff's fee request should be reduced because it included attorney time expended during the prior administrative proceedings." *Opposition,* p. 3. Defendant contends that the administrative proceedings in this case did not conclude until November 25, 2007. Defendant contends that the following entries document work performed before the administrative proceedings in this case concluded, and should be excluded:

    1.    10/10/07 Review Hearing decision denial dated September 26, 2007 – 2.50;

    2.    10/16/07 Prepare/ review/ edit/ sign letter to client with attachments and documents – .40;
          Prepare/ review/edit/ sign status letter for client – .25;

    3.    11/15/07 Prepare, review, edit, sign exceptions to Hearing decision to Appeals Council – 1.25

*Id.* at 4. Defendant contends that "[t]hese tasks, representing a total 4.4 attorney hours, were performed during the administrative proceedings and, thus, are not compensable under the EAJA." *Id.*

Plaintiff contends that "[a]n award of fees for pre-filing activities directly related to the civil suit, such as review of the administrative transcript" is proper. *Reply,* p. 2-3. Plaintiff contends that "an attorney's pre-complaint efforts to investigate, undertake legal research, and conduct informal discovery relevant to developing a case are properly recoverable." *Id.* Plaintiff contends that the entries for 10/10/07, 10/16/07, and 11/15/07 involved review of the case and the second ALJ denial decision, which was "reasonable and necessary prior to the date set for filing a civil action [] in light of the extensive record, procedural posture of the case, and nature of the issues." *Id.* at 3. Plaintiff contends that it "is reasonably inferred" that these tasks relate to the civil action presently before the Court. *Id.*

5 U.S.C. section 504 "is the only part of the EAJA that allows fees and expenses for administrative proceedings conducted prior to the filing of a civil action." *Melkonyan v. Sullivan,* 501 U.S. 89, 95 (1991). Plaintiff does not request attorney fees pursuant to section 504, and does not assert that she is requesting fees for administrative proceedings. Instead, Plaintiff asserts that the requested fees are related to the civil action in this Court. Plaintiff asserts that the fees incurred prior to initiating the civil action in this Court are compensable because "[i]t is reasonably inferred" that the time entries for 10/10/07 ("Review Hearing decision denial dated September 26, 2007"), 10/16/07 ("Prepare/ review/ edit/ sign letter to client with attachments and documents" and "Prepare/ review/ edit/ sign status letter for client"), and 11/15/07 ("Review Letter from Appeals Council and hearing decision instructions") were related to the civil suit, not for administrative proceedings. *Opposition,* p. 3. These time entries, however, are ambiguous as to whether the time spent was in connection with the administrative proceedings or with the civil suit. It is Plaintiff's burden to establish that she is entitled to the requested fees. The Court concludes that Plaintiff has failed to satisfy this burden with respect to the requested fees for 10/10/07, 10/16/07 and 11/15/07 because Plaintiff has not demonstrated that this time spent was related to the civil action as opposed to the the administrative proceedings. The Court reduces Plaintiff's requested fee award by 4.4 hours.

B.     Fees for Work Performed for "Non-Attorney" Tasks

Defendant contends that Plaintiff is not entitled to recover fees for time her attorney spent performing tasks that could have been performed by a non-attorney. Defendant contends that the following entries relate to clerical/ secretarial tasks, and should be excluded:

1.     01/17/08 Review, edit, sign documents for service on three Defendants – 0.17;

2.     01/17/08 Review, edit, sign Certificate of Service – 0.17;

3.     01/17/08 Review USDC Document 4 – 0.08;

4.     01/30/08 Review USPS confirmation of delivery 3 Defendants – 0.12;

5.     05/15/08 Review, edit, sign Certificate of Service (Document 9) – 0.08;

      6.      05/16/08 Phonecall with Clerk Mike (619) 557-7357 re: discrepancies in Notice and Motion captions – 0.22;

      7.      05/16/08 Prepare, review, edit Amended Notice of Motion, Brief, and 4 attachments (four modification attempts ) (Documents 10, 10-1, 10-2, 10-3, 10-4, 10-5) – 0.75;

      8.      08/26/09 Review Pacer dockets – 0.15;

      9.      12/04/08 Review USDC Document 13 – 0.08.

*Id.* at 5. Defendant contends that "[t]hese tasks representing a total 1.82 hours are clerical in nature, and are properly considered overhead costs that are not compensable under the EAJA." *Opposition,* p. 4.

      With respect to the 1/18/08 and 5/15/08 entries, Plaintiff contends that counsel "must review all documents to which she affixes her signature for filing with this Court including service documents." *Reply,* p. 3. With respect to the 1/30/08 entry, Plaintiff contends that "[t]ranscription, review, edit and signature" of these documents "was not a task for a non-attorney," and that "Plaintiff signed these documents and thus her participation was required." *Id.* With respect to 1/17/08, 8/26/08 and 12/4/08 time entries, Plaintiff contends that counsel "has an ethical obligation to review notices from the Court as well as all case filings," and that Plaintiff is entitled to bill 4.8 minutes, "the lowest possible rate of time possible," to "review a document received by the United States District Court." *Id.* at 4. With respect to the 5/16/08 entries, Plaintiff contends that "[p]honecalls with a clerk from the court regarding discrepancies in Plaintiff's filed documents required Plaintiff's attorney's attention and were not clerical tasks." *Id.*

      It was proper for Plaintiff's attorney to review all documents to which she affixed her signature for filing in this Court, including service documents. Review of service documents and other documents filed with this Court is not clerical work that could have been performed by a non-attorney. Plaintiff has billed minimal amounts for the review of documents filed with the Court. The Court concludes that Plaintiff's requested fees for 1/17/08 ("Review, edit, sign documents for service on 3 Defendants"), 1/17/08 ("Review, edit, sign Certificate of Service"), 1/17/08 ("Review USDC Document 4"), 1/30/08 ("Review USPS confirmation of deliver 3

1   Defendants"), 5/15/08 ("Review, edit, sign Certificate of Service"), 8/26/08 ("Review Pacer
2   dockets"), and 12/4/08 ("Review USDC Document") are for work that was properly performed
3   by an attorney, and are reasonable.  Plaintiff also requests fees for the following services:
4   5/16/08 ("Phonecall with Clerk Mike (619) 557-7357 re: discrepancies in Notice and Motion
5   captions"), and 5/16/08 ("Prepare, review, edit Amended Notice of Motion, Brief, and 4
6   attachments (four modification attempts)."  *Fee Itemization,* p. 2.  The Court concludes that
7   these requested fees are not reasonable because they relate to Plaintiff's efforts to cure
8   discrepancies in Plaintiff's attempt to file documents with the Court.  It is not proper for the
9   government to the carry the burden to pay Plaintiff's attorney fees incurred as a result of filing
10  errors by Plaintiff's attorney.  In light of the foregoing, the Court reduces Plaintiff's requested
11  fee award by 0.97 hours.

12          C.      Excessiveness of Fee Request

13          Defendant contends that the time requested for preparing the Application for Fees is
14  excessive.  Defendant states: "Plaintiff claims a total of 6.5 hours for preparation of the EAJA
15  motion and petition.  This request is inflated and should therefore be reduced by at least 4.5
16  hours." *Opposition,* p. 4.  Defendant contends that "Plaintiff's attorney has submitted a routine,
17  uncomplicated motion and petition for attorney's fees under EAJA," and that "Plaintiff's
18  request to be reimbursed tp 6.5 hours for this task bears no rational relation to the number of
19  hours her attorney spent litigating this case and should be reduced accordingly." *Id.* at 5.
20  Defendant contends that Plaintiff should be awarded EAJA fees of no more than 2 hours for
21  the preparation of the Application for Fees.  Defendant has not filed any objection to Plaintiff's
22  request for an additional $760.00 for 4.5 hours of attorney work in connection with preparing
23  the Reply.

24          Plaintiff contends the time spent preparing the EAJA Petition was necessary and
25  supported by the record.  Plaintiff contends that "[c]ase law both supporting and opposing
26  Plaintiff['s] position had to be located, investigated, compared and contrasted to test the
27  strength of a motion for EAJA fees with facts similar to those found in Plaintiff's case." *Reply,*
28

1 p. 4.   Plaintiff requests additional attorney fees for the following work related to the
2 preparation of the Reply:

3     3/18/09: Review Defendant's opposition . . .    1.50
4     3/19/09: Research case law, prepare, review, edit first draft of reply    1.00
5     3/22/09: Review and edit of reply brief    1.00
6     3/23/09: Final review and edit of reply brief    1.00

7 *Id.* at 5-6.

8     The prevailing party is entitled to fees under the EAJA for fees incurred in litigation
9 over the amount of the EAJA fee award. *INS v. Jean,* 496 U.S. 154, 161 (1990); *see also Love*
10 *v. Reilly,* 924 F.2d 1492, 1496 (9th Cir. 1991) ("Under the EAJA, the prevailing party is
11 automatically entitled to attorney's fees for any fee litigation once the district court has made
12 a determination that the government's position lacks substantial justification.").   In
13 determining an award for fees incurred in litigation regarding the amount of the EAJA fee
14 award, one of the factors courts consider is "the awards in similar cases." *Widrig v. Apfel,* 140
15 F.3d 1207, 1209, n. 5 (9th Cir. 1998); *see e.g, Patterson v. Chaney,* 99 F. Supp. 2d 1212, 1214
16 (C.D. Cal. 2000) (plaintiff "entitled to reimbursement for the three and a half hours of attorney
17 time spent litigating this fee motion"); *Shinn v. Astrue,* 2008 U.S. Dist. LEXIS 55554 (E.D.
18 Cal. 2008) (reducing fee award for preparing initial EAJA petition from requested 1.2 hours
19 to 0.8 hours because the EAJA petition "provides little more than the details mandated by the
20 EAJA and the basic law regarding hourly fees and [plaintiff's] entitlement to attorney fees as
21 the prevailing party;" and reducing fee award for preparing reply from requested 5.2 hours to
22 3.5 hours); *Gomez v. Astrue,* 2008 U.S. Dist. LEXIS 59376 (S.D. Cal. 2008) (reducing fee
23 award for preparing initial EAJA motion from requested 17.15 hours to 7 hours and for reply
24 from 14.25 hours to 4 hours).

25     Plaintiff's initial Application for Fees is a straight-forward, routine and uncomplicated
26 petition for EAJA fees.   The Court finds that Plaintiff's requested fee award of 6.5 hours for
27 the initial fee petition is excessive, and reduces Plaintiff's requested fee award with respect to
28 the initial Application for Fees by 3 hours.

1    With regard to the Reply, Plaintiff requests and award for an additional 4.5 hours of
2 services performed. The Reply provides a comprehensive response to new issues raised in the
3 Opposition. Defendant has not filed any objection to the hours spent preparing the Reply.
4 Based on the foregoing, the Court finds that the requested award for 4.5 hours is reasonable.

5    D.    Conclusion

6    The Court concludes that Plaintiff's requested award in the initial Application for Fees
7 36.38 hours of service is reduced by 8.37 hours; and that Plaintiff is entitled to an additional
8 award for 4.5 hours of service performed with respect to the Reply. Plaintiff is entitled to a
9 total EAJA fee award of $5,525.70 for 32.51 hours of service at a rate of $170.00 per hour.

## Conclusion

11    IT IS HEREBY ORDERED that the Application for Fees Pursuant to the Equal access
12 to Justice Act (Doc. # 18) is **GRANTED in part.** The Court awards $5,525.70 in attorney
13 fees.

14 DATED: April 28, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge